UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELISSA BAART

Case No. 3:16-CV-204-J-20PDB

Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

A Foreign Corporation,

Defendant.

## COMPLAINT

The Plaintiff, Melissa Baart, by and through undersigned counsel, hereby sues UNUM LIFE INSURANCE COMPANY OF AMERICA("UNUM") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Ms. Baart was covered under policies of long

-term disability insurance and life insurance through the Defendant UNUM.

5. Defendant UNUM is a foreign corporation conducting insurance business in Flagler County, Florida.

6. At all times material hereto, Ms. Baart was covered under an employee welfare benefit plan sponsored by her employer, which provided long-term disability insurance and life insurance benefits through policies of insurance benefits funded and administered by the Defendant UNUM as well as other valuable benefits. Copies of the UNUM long-term disability and life insurance policies are attached hereto as Composite Exhibit "A."

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

8. The policies of insurance which fund these benefits are both underwritten and administered by UNUM, which was the fiduciary of the employee benefits plan established by Plaintiff's employer, and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

9 Defendant UNUM is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. §1104.

10. Defendant UNUM makes the final decision to approve or deny claims under

the policies of insurance providing benefits to Ms. Baart and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between UNUM's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

11. Defendant UNUM has a serious conflict of interest and its decisions to deny benefits was substantially influenced by its conflict of interest.

12. Defendant UNUM has failed to apply the provisions of the LTD and life insurance policies consistently with respect to similarly situated claimants.

13. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

14. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

15. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

16. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR

2560.503-1(I) in its administration of Plaintiff's claim.

17. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

18. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against UNUM

19. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

20. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by UNUM at all times material hereto.

21. Defendant UNUM has failed and refused to pay the Plaintiff, sums due pursuant to the disability insurance policy funded and administered by UNUM, at all times material hereto.

22. Defendant UNUM has also subjected the Plaintiff to an unreasonable

claims process pursuant to 29 CFR 2560.503-1 and has denied benefits under the terms of the plan.

23. The Plaintiff, Ms. Baart, is accordingly entitled to present evidence of disability under the <u>de novo</u> standard to this Honorable Court.

24. The Plaintiff, Ms. Baart is entitled to recover attorneys' fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Baart, prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for benefits due pursuant to the contract of long-term disability insurance funded by insurance premiums paid to Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

<u>**COUNT TWO**</u>
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against UNUM**

25. Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically restated therein.

26. Ms. Baart is entitled to long-term disability benefits under the disability insurance plan which is the subject of this action.

27. Defendant UNUM has denied that Plaintiff is entitled to long-term

disability insurance benefits under the disability insurance policy which is the subject of this action.

28. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to UNUM.

29. Defendant UNUM has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

30. Plaintiff is entitled to a declaration that her long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of her disability to this effect under the de novo standard.

31. The Plaintiff, Ms. Baart is entitled to recover attorney's fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Baart prays for relief from Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by UNUM LIFE INSURANCE COMPANY OF AMERICA pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which she may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

## COUNT THREE
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against UNUM

32.     Plaintiff realleges and reavers paragraphs 1 through 18 of this Complaint, incorporating the same by reference as if specifically restated therein.

33.     Ms. Baart is entitled to waiver of premium due to disability with respect to the UNUM life insurance policy at issue in this action.

34.     Defendant UNUM has denied that Plaintiff is entitled to waiver of premium due to disability with respect to the UNUM life insurance policy at issue in this action.

35.     Section 1132(a)(1)(B) of ERISA specifically authorizes an action to clarify the plaintiff's rights to plan benefits pursuant to insurance policies like the UNUM life insurance policy at issue in this action.

36.     Defendant UNUM has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

37.     Plaintiff is entitled to a declaration that her long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of her disability to this effect under the *de novo* standard.

38.     The Plaintiff, Ms. Baart is entitled to recover attorney's fees authorized by 29 U.S.C. §1132(g).

WHEREFORE, the Plaintiff, Ms. Baart prays for a declaration that she is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by UNUM LIFE INSURANCE COMPANY OF AMERICA pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which she may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

*/s/ William S. Coffman*

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff